IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID M. WILLIAMS, )
)
Plaintiff, )
)
v. ) Civ. Action No. 08-367-GMS
)
DEPARTMENT OF CORRECTION and )
CORRECTIONAL MEDICAL SYSTEMS, )
)
Defendants. )

**MEMORANDUM**

The plaintiff David M. Williams ("Williams"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 1.) He appears *pro se* and has been granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 2.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Williams' original complaint concerns medical issues and a bunk assignment. (D.I. 2.) Williams injured his back on June 2, 2008, and was seen by medical on June 12, 2008. He complains that it took him a week to be seen by medical. Following his back injury, Williams was moved to a different building and assigned a top bunk. Williams alleges that getting up and down from the top bunk causes back pain. Williams also complains that his "foot is problematic because of a screw in [his] foot." Finally Williams states that he was a chronic care patient at one time.

He seeks injunctive relief requiring the prison to: (1) assign him chronic care status, (2)

end the practice of charging him for chronic care, (3) move him to a permanent bottom bunk; and (4) provide him medical care. He also seeks compensatory damages for negligence and deliberate indifference to medical care, pain and suffering.

Williams' amended complaint concerns a recent ruling by the Delaware Supreme Court affirming the denial of his sixth motion for postconviction relief. (D.I. 11.) He adds claims of unlawful imprisonment and malicious prosecution, alleging he is being held on a charge for which he was not indicted. Williams does not indicate what relief he seeks.

**II. STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct.

2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Williams is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Williams proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

### A. Eleventh Amendment Immunity

The Department of Correction ("DOC") is one of the two named defendants. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (citations omitted) (not reported). Consequently, Williams' claim against the DOC has no arguable basis in law or in fact and, therefore, it is frivolous. It will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Medical Needs

Correctional Medical Systems ("CMS") is the other named defendant. Williams alleges that he injured his back on June 2, 2008, but was not seen by medical until ten days later. He also alleges that he was subsequently transferred to a different building and assigned a top bunk and this caused him to "hurt [his] back more." He complains he has a foot problem and at one time held chronic care status.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192,

197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

When a plaintiff relies on the theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that CMS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

Other than to name CMS as a defendant, the complaint and amendment do not mention CMS. Moreover, at least as to his back injury, it is evident that Williams received medical care. Additionally, Williams claims consists of mere labels and conclusions. At the most, his claims suggest negligence; nothing else. The complaint and its amendments do not set forth any alleged constitutional violations by CMS and, therefore, will be dismissed as frivolous pursuant to dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C. Habeas Corpus**

To the extent that Williams attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The amended complaint does not indicate the type of relief sought by Williams. However, he cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (citing *Heck*, 512 U.S. at 486-87.)

Williams has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. Moreover, his claims presents the type of claims addressed in *Heck*; that is, a finding that his conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction. To the extent Williams seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326. Accordingly, the Court will dismiss without the claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**D. Supplemental Claims**

Williams alleges, generally, negligence. Inasmuch as the § 1983 claims will be dismissed as frivolous, the court declines to exercise jurisdiction over Williams' supplemental state law claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## IV. MOTIONS TO AMENDED COMPLAINT

Subsequent to filing the amended complaint, Williams filed two motions to amend. (D.I. 12, 13.) The first motion to amend seeks to add a claim for the administration of "different medication" with the acts occurring from March 12, 2009 through March 16, 2009. Williams moves to add negligence and incompetence to duty functions as a result of the alleged improper administration of the medication. The second motion to amend seeks to add sexual harassment that allegedly occurred on several occasions. (D.I. 13.) Attached to the motion to amend is a grievance that specifically refers to an April 13, 2009 incident.

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

The court will deny the motion to amend to add the negligence and incompetence of duties claims. All constitutional claims have been dismissed and the court exercises its discretion in declining to exercise jurisdiction over any state claims. The second motion to amend raises new issues for acts that occurred after the filing of the original complaint and claims that do not appear in the original complaint or the amended complaint. The court will not allow Williams to add claims, unrelated in time or to allegations in the original complaint and its amendment. Williams has an available remedy by filing a new lawsuit. For the above reasons, the court will deny Williams' motions for leave to amend. (D.I. 12, 13.)

**V. CONCLUSION**

For the above stated reasons the court finds that the § 1983 claims are frivolous and they will be dismissed. The court declines to exercise supplemental jurisdiction over Williams' state claims. The court will deny the motions to amend. (D.I. 12, 13.)

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

June 8, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID M. WILLIAMS, )
)
Plaintiff, )
)
v. ) Civ. Action No. 08-367-GMS
)
DEPARTMENT OF CORRECTION and )
CORRECTIONAL MEDICAL SYSTEMS, )
)
Defendants. )

**ORDER**

At Wilmington, for the reasons set forth in the Memorandum issued this date,

IT IS ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

2. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

3. The plaintiff's motions to amend are **denied**. (D.I. 13, 14.)

4. The court declines to exercise supplemental jurisdiction.

5. The Clerk of the Court is directed to **close** this case.

CHIEF, UNITED STATES DISTRICT JUDGE

June 10, 2009
Wilmington, Delaware